<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSCAR PRIOR-RAMIREZ, | |
| Plaintiff, | Civil Action No. 12-6982 (PGS) |
| v. | MEMORANDUM ORDER |
| MONMOUTH CNTY. CORR. INST. et al., | |
| Defendants. | |

Plaintiff is a state prisoner currently incarcerated at South Woods State Prison in Bridgeton, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. On November 9, 2012, the Court received Plaintiff's original Complaint in this matter. (ECF No. 1.) Before the Court could conduct its *sua sponte* screening of said Complaint, Plaintiff filed an Amended Complaint. (ECF No. 10.) On July 10, 2013, the Court screened Plaintiff's Amended Complaint and allowed the claims against only Correctional Care Solutions to proceed. (ECF No. 11.) After the Court screened Plaintiff's Amended Complaint, Plaintiff filed many "supplements" and letters, which appeared to be attempts to again amend his Complaint. (ECF Nos. 20, 21, 23, 24, 30, 31.) As a result, the Court instructed Plaintiff to file an all-inclusive Second Amended Complaint. (ECF No. 33.) After several extensions, Plaintiff filed his Second Amended Complaint on April 16, 2015. (ECF No. 46.) On May 5, 2015, Defendant Correctional Care Solutions filed a Motion to Dismiss the Second Amended Complaint, arguing that Plaintiff fails to state a claim for which relief can be granted and failure to exhaust administrative remedies. (ECF No. 48.)

At this juncture, the Court will *sua sponte* reconsider Plaintiff's application for pro bono counsel. (ECF No. 37.) For the reasons stated below, the Court will grant Plaintiff's application for counsel for the limited purpose of filing a third amended complaint.

Plaintiff is pursuing this case *in forma pauperis*. Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Furthermore, in determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155-56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors). Additionally, the power to grant appointment of counsel lies solely with the discretion of this Court. *See id.* Appointing counsel may be made at any point during the litigation *sua sponte* or by granting a party's motion. *See id.* at 156.

Initially, the Court notes that there may be some merit to Plaintiff's claims. Though he fails to make factual allegations with any specificity in his Second Amended Complaint, in his previous complaints, Plaintiff alleged that as a handicapped prisoner, he was exposed to unsafe and unsanitary conditions. This could potentially give rise to a deliberate indifference claim under the Eighth Amendment. *See Natale v. Camden Cnty. Corr. Faciltiy*, 318 F.3d 575, 582 (3d Cir. 2003) (stating that deliberate indifference requires proof that the official "knows of and disregards

an excessive risk to inmate health or safety") (citations omitted). Thus, the *Tabron* factors will be analyzed.

The first *Tabron* factor requires this Court to analyze the circumstances of the individual plaintiff. *See* 6 F.3d at 156. "Courts generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience. An indigent plaintiff's ability to present his or her case may also depend on factors such as the plaintiff's ability to understand English. *See id.* (citations omitted). In this case, Plaintiff has demonstrated that he is literate and understands English.[1] Furthermore, Plaintiff has had access to this Court as demonstrated by his numerous court filings. Accordingly, this factor does not weigh in favor of appointing counsel.

The second *Tabron* factor requires this Court to examine the complexity of the legal issues in the case. *See* 6 F.3d at 156. "[W]here the law is not clear, it will often serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." *Id.* In this case, Plaintiff is raising Eight Amendment deliberate indifference claims arising from the medical care he received. The underlying law for asserting an Eighth Amendment deliberate indifference to a serious medical needs claim is clear. *See Montgomery v. Pinchak*, 294 F.3d 492, 502 (3d Cir. 2002) (citation omitted). Nevertheless, "[s]implicity in the allegation does not translate into simplicity in the presentation of the claim." *Id.* Thus, "[w]hile the ultimate issue may be comprehensible, courts must still look to the proof going towards the ultimate issue and the discovery issues involved." *Parham*, 126 F.3d at 459. Here, Plaintiff is attempting to raise claims that the medical professionals employed at the prison were deliberately indifferent to his serious medical needs when they denied him proper treatment. Based on the complex medical

---

[1] The Court notes that in his application for pro bono counsel, Plaintiff states that he speaks Spanish, however all of his numerous filings with this Court clearly reflect an ability to speak and understand English.

issues associated with this case, the Court finds that plaintiff's case presents issues of sufficient complexity so as to warrant the appointment of counsel. *See Colston v. Corr. Med. Servs.*, 256 F. App'x 551, 553 (3d Cir. 2007) ("[C]ivil rights cases alleging deliberate indifference to a prisoner's medical needs can raise sufficiently complex legal issues to require appointment of counsel.") (citing *Montgomery*, 294 F.3d at 502 (citing *Parham*, 126 F.3d at 459)). Thus, the second *Tabron* factor weighs in favor of appointing counsel.

The third *Tabron* factor asks this Court to examine the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation. *See Tabron*, 6 F.3d at 156. "[W]here claims are likely to require extensive discovery and compliance with discovery rules, appointment of counsel may be warranted." *Id.* (citing *Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992)). Documents and medical records from different sources may be needed to be produced and examined in this case. Given the nature of Plaintiff's deliberate indifference arguments, the Court finds that the third *Tabron* factor supports appointment of counsel. *See Parham*, 126 F.3d at 460 (deliberate indifference to medical needs claims "involve[] complex facts and medical records that even most lawyers struggle to comprehend").

The fourth *Tabron* factor requires the Court to analyze whether the case will turn on credibility determinations and whether the case is "solely a swearing contest." *Parham*, 126 F.3d at 460. In this case, the Court presumes that Plaintiff's medical records could provide the relevant evidence with respect to his claims. Therefore, at this time, the Court finds that the fourth *Tabron* factors does not necessarily weigh in favor of appointing counsel.

The Court considers whether the case will require expert testimony under the fifth *Tabron* factor. Expert testimony in this case may ultimately be necessary. *See Montgomery*, 294 F.3d at

504 ("This Court has recognized the need for expert testimony in proving a claim based on medical injury.") (citing *Parham*, 126 F.3d at 460). Thus, this factor weighs in favor of appointing counsel.

Finally, the sixth *Tabron* factors requires this Court to analyze whether plaintiff is able to retain and afford counsel. *See* 6 F.3d at 156. Though Plaintiff paid the fee in this case, he was later granted *in forma pauperis* status (ECF No. 15) and there is no indication that he is able to retain and afford counsel. Consequently, this factor weighs in favor of appointing counsel.

On balance, and having considered the *Tabron* factors, the Court finds that the appointment of counsel is warranted. At this juncture, counsel will be appointed for the limited purpose of filing a third amended complaint. Should the Court determine that appointment of counsel is warranted beyond that point, the Court will enter a subsequent order.

Accordingly, IT IS on this 31 day of August, 2015,

ORDERED that Plaintiff's motion for the appointment of pro bono counsel (ECF No. 37) is GRANTED for the limited purpose of filing a third amended complaint; and it is further

ORDERED that the Clerk shall select an attorney from the Civil Pro Bono Panel; and it is further

ORDERED that the selected appointed attorney from the Civil Pro Bono Panel shall enter a notice of appearance within fourteen (14) days of the date of his appointment; and it is further

ORDERED that the appointed attorney shall file a proposed third amended complaint within forty-five (45) days of the date his notice of appearance; and it is further

ORDERED that Defendant's Motion to Dismiss the Second Amended Complaint (ECF No. 48) is DISMISSED as moot; upon the filing of the Third Amended Complaint, Defendant may re-file its motion, if applicable; and it is further

ORDERED that Plaintiff's "Motion to Reinstate Complaint" (ECF No. 60) is DENIED as moot; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order on Plaintiff by regular U.S. Mail.

                                                                                                                                                   _____

                                                                            Peter G. Sheridan, U.S.D.J.